UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,                                   Crim. No. 18-180 (PAM/KMM)

                Plaintiff,

v.                                                                        **MEMORANDUM AND ORDER**

Ryan Isiah Thompson,

                Defendant.
_____

This matter is before the Court on Defendant Ryan Isiah Thompson's Motion to modify his sentence under the First Step Act. Thompson asserts that he has health conditions that make him susceptible to severe complications from COVID-19 and asks the Court to order the BOP to release him to supervised release. For the following reasons, the Court denies the Motion.

**BACKGROUND**

Thompson pled guilty in 2019 to conspiracy to distribute heroin and using, carrying, or possessing a firearm during and in relation to a drug trafficking crime. These charges arose out of law enforcement surveillance activities documenting Thompson's travels from the Twin Cities to Chicago on multiple occasions and a confidential informant's tips that Thompson was a major heroin distributor in St. Paul. At the time of his arrest, police found him in possession of a semiautomatic weapon and more than 125 grams of heroin. A search warrant for Thompson's apartment uncovered another automatic weapon, firearm magazines, ammunition, and drug-distribution paraphernalia.

The Court ultimately sentenced Thompson to 120 months' imprisonment. To date, Thompson has served approximately 30 percent of that sentence. Because he is wheelchair-bound, he is incarcerated at the Butner Medical II Federal Correctional Institution in North Carolina ("FCI-Butner II").

**DISCUSSION**

The First Step Act allows the Court to order a defendant's release for "extraordinary and compelling reasons." 18 U.S.C. § 3582(c)(1)(A)(i).[1] Such reasons may include a terminal illness, "a serious physical or medical condition," or other condition "that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility." U.S.S.G. § 1B1.13, cmt. n.1(A)(ii). Thompson contends that he is at risk of severe complications from COVID-19 because he suffers from asthma, severe chronic neurological issues, bladder problems, mental-health difficulties, and he is confined to a wheelchair because of chronic pain from a gunshot wound.

According to the BOP, there are currently four active cases of COVID-19 among the inmates at FCI Butner II, and two active cases among staff. Federal Bureau of Prisons, COVID-19 Inmate Test Information, https://www.bop.gov/coronavirus/ (last visited August 17, 2021). The BOP offered Thompson a COVID-19 vaccine in April 2021; according to the Government, Thompson declined the vaccine. Thompson asserts that he did not decline the vaccine and is now fully vaccinated. (Reply (Docket No. 120) at 3.)

---

[1] There is no dispute that Thompson exhausted his administrative remedies under the statute. 18 U.S.C. § 3582(c)(1)(A).

As the Government notes, Thompson's medical records do not substantiate his claim to suffer from asthma or neurological issues. His other diagnoses do not place him at increased risk of severe complications from COVID-19. See Centers for Disease Control and Prevention, Coronavirus Disease 2019 (COVID-19), People of Any Age with Underlying Medical Conditions, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited August 10, 2021).

Moreover, even if Thompson suffered from conditions that increase his risk of severe complications from COVID-19, his status as a vaccinated individual belies his claim that he cannot escape severe complications from the virus while he is incarcerated. The vaccines are incredibly effective at preventing severe COVID-19 infection, hospitalization, and death. Thompson's claim that he is immune-compromised and thus that the vaccine is less effective for him is not borne out by the record. And his assertion that the medical and scientific community have doubts about the efficacy of the vaccine is misleading at best and patently false at worst.

The First Step Act provides for an inmate's release when he has health conditions that "substantially diminish" his ability "to provide self-care within the environment of a correctional facility." U.S.S.G. § 1B1.13, cmt. n.1(A)(ii). Because Thompson has received a vaccine that mitigates severe complications from COVID-19—whether he is in prison or out of prison—he has not established that his ability to provide self-care is diminished.

Thompson argues that the Court should not consider § 1B1.13's requirements when the inmate, not the BOP, seeks compassionate release. But even if § 1B1.13's factors do not constrain the Court's analysis of Thompson's Motion, and even in the absence of

Thompson's vaccination status, the Court must consider the sentencing factors under 18 U.S.C. § 3553(a) in determining whether compassionate release is warranted.  Thompson has served less than half of his sentence.  He has a lengthy criminal history, and the offense conduct was particularly alarming, involving large quantities of heroin and extremely dangerous firearms, one of which he carried loaded on a crowded bus from Chicago to Minnesota.  The risk to the public from his behavior cannot be understated.  Releasing Thompson after he has served only approximately one-third of his sentence creates unwarranted sentencing disparities with other individuals who commit similarly serious crimes and would not serve the purposes of sentencing.  Thompson has failed to establish that "extraordinary and compelling reasons" mandate the Court's reconsideration of his sentence.  18 U.S.C. § 3582(c)(1)(A)(i).

Accordingly, **IT IS HEREBY ORDERED that** Defendant's Motion for Compassionate Release (Docket No. 105) is **DENIED**.

Dated:   August 17, 2021                         s/Paul A. Magnuson
                                                                      Paul A. Magnuson
                                                                      United States District Court Judge