UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,                                                  Crim. No. 18-180 (PAM/KMM)

          Plaintiff,

v.                                                                    **MEMORANDUM AND ORDER**

Ryan Isiah Thompson,

          Defendant.
_____

    This matter is before the Court on Defendant Ryan Isiah Thompson's third Motion to modify his sentence under the First Step Act. As in his previous motions, Thompson asserts that he has health conditions that make him susceptible to severe complications from COVID-19 and asks the Court to order the BOP to release him to supervised release. For the following reasons, the Court denies the Motion without prejudice.

    The First Step Act allows the Court to order a defendant's release for "extraordinary and compelling reasons." 18 U.S.C. § 3582(c)(1)(A)(i). Such reasons may include a terminal illness, "a serious physical or medical condition," or other condition "that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility." U.S.S.G. § 1B1.13, cmt. n.1(A)(ii). Thompson's previous Motions argued that his medical conditions—including asthma, neurological issues, bladder problems, mental-health difficulties, and paraplegia—warranted his early release from confinement because of the COVID-19 pandemic. His current Motion reiterates and provides additional medical-record support for those medical conditions, and adds that he was diagnosed with a deep vein thrombosis in 2021.

According to Thompson, at the time he filed this Motion his facility was operating in a "Code Red" condition because of the spread of COVID-19, and his medical conditions render him susceptible to a serious COVID-19 infection. Now, however, Thompson is at FPC-Duluth, which is operating in a "Code Green," and no inmates or staff members are currently positive for the virus. Federal Bureau of Prisons, <u>COVID-19 Inmate Test Information</u>, https://www.bop.gov/coronavirus/ (last visited April 25, 2023). The dangers of the COVID-19 pandemic do not provide support for the instant Motion, and it could be denied on this basis alone.

But even if Thompson's current Motion had substantive merit, the Court is without jurisdiction to consider it. He concedes that he has not presented the current iteration of his medical diagnoses to the BOP and requested compassionate release on the basis of his present medical condition. Instead, he argues that his previous requests to the warden should somehow excuse the administrative exhaustion requirement this time. But the law is clear: an inmate who has not presented a new basis for compassionate release to the BOP cannot seek relief in federal court. <u>See</u> <u>United States v. Houck</u>, 2 F.4th 1082, 1084 (8th Cir. 2021) (noting that exhaustion requirement is a "mandatory claim-processing rule" and that the proper procedure is to "dismiss unexhausted compassionate-release motions without prejudice").

Accordingly, **IT IS HEREBY ORDERED that** Defendant's Motion for Compassionate Release (Docket No. 105) is **DENIED without prejudice**.

Dated: <u>April 25, 2023</u>            <u>s/Paul A. Magnuson</u>
                                                      Paul A. Magnuson
                                                      United States District Court Judge