UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,    Crim. No. 18-180 (PAM/KMM)

          Plaintiff,

v.    **MEMORANDUM AND ORDER**

Ryan Isiah Thompson,

          Defendant.

_____

This matter is before the Court on Defendant Ryan Isiah Thompson's fourth Motion to modify his sentence under the First Step Act. As in his previous motions, Thompson asserts that he is suffering from serious health conditions that warrant his release under new amendments to the Sentencing Guidelines. In a "Supplement" to his Motion, Thompson also contends that in November 2023, fentanyl was found in his facility, "within sixty feet of his bed," and he fears for his life because of the presence of fentanyl in the facility. (Docket No. 138 at 1.) For the following reasons, the Court denies Thompson's Motion.[1]

---

[1] The Government argues that Thompson did not exhaust his administrative remedies by requesting release from the warden of his facility. Without that administrative exhaustion, the Court would lack jurisdiction over Thompson's Motion. United States v. Houck, 2 F.4th 1082, 1084 (8th Cir. 2021). Thompson's reply memorandum documents his August 2023 requests to the warden for release (Docket No. 149-1 at 2-5), and thus Thompson has sufficiently exhausted his remedies as to his claim that release on the basis of his physical conditions is warranted. Because Thompson has not requested release from the warden based on the fentanyl that was ostensibly found in his facility, however, the Court lacks jurisdiction to consider that aspect of his claim.

The First Step Act allows the Court to order a defendant's release for "extraordinary and compelling reasons." 18 U.S.C. § 3582(c)(1)(A)(i). Such reasons may include a terminal illness, "a serious physical or medical condition," or other condition "that requires long-term or specialized medical care that is not being provided and without which the defendant is at risk of serious deterioration in health or death." U.S.S.G. § 1.B.13(b)(1)(C). Thompson undoubtedly suffers from several severe physical issues, including asthma, paraplegia, and deep-vein thrombosis. But the Guidelines only provide for release when care for an inmate's serious physical conditions is not being provided by the facility. The extensive medical records the Government submitted establish that FPC-Duluth is monitoring and caring for Thompson's medical needs.

Moreover, the Court's previous discussion of Thomson's offense behavior, criminal history, and the § 3553(a) sentencing factors still holds true. Thompson's offense involved a substantial risk of harm, not only from the loaded firearm he carried on a public bus, but also from the large quantities of heroin he intended to distribute. Thompson has not established that "extraordinary and compelling reasons" require his release.

Accordingly, **IT IS HEREBY ORDERED that** Defendant's fourth Motion for Compassionate Release (Docket Nos. 136, 138) is **DENIED**.

Dated:   January 26, 2024               *s/Paul A. Magnuson*
                                                   Paul A. Magnuson
                                                   United States District Court Judge